IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LAMAR HATCHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-547-RAH-CWB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   Introduction**

Petitioner Daniel Lamar Hatcher is before the court on a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (*See* Doc. 2). A jury previously found Petitioner guilty on one count of possession with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of conspiring with others to commit the offense in violation of 21 U.S.C. § 846.[1] He was sentenced to a 300-month term of imprisonment.[2]

Petitioner since has filed at least three motions under § 2255. The first was filed on August 18, 2014[3] and was dismissed with prejudice.[4] The second followed on October 27, 2017[5] and was dismissed without prejudice on jurisdictional grounds because Hatcher had not obtained permission from the Eleventh Circuit Court of Appeals before filing a successive motion.[6]

---

[1]  *See* 2:09-cr-81-RAH-CWB-1 at Doc. 136 at pp. 1-2.

[2]  *See id*. at Doc. 244 at p.1.

[3]  *See* 2:14-cv-880-WKW-SRW at Doc. 1.

[4]  *See id.* at Docs. 41 and 42.

[5]  *See* 2:17-cv-737-WKW-SRW at Doc. 2.

[6]  *See id*. at Docs. 7 and 8.

1

Petitioner filed his third § 2255 motion on December 7, 2021,[7] and, again, a dismissal was entered for lack of permission/jurisdiction.[8]  The Magistrate Judge now finds that the pending § 2255 motion should be dismissed on the same grounds.

## II.   Discussion

The Antiterrorism and Effective Death Penalty Act provides that, to file a second or successive § 2255 motion, the movant first must move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2255(h).  The appellate court in turn must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Id*.  A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013) ("The bar on second or successive motions is jurisdictional.").

Hatcher presents no evidence of having obtained authorization from the Eleventh Circuit before filing the successive § 2255 motion that is currently before the court.  Instead, it appears that the Eleventh Circuit denied Hatcher's prior request in that regard.[9]  Subject matter jurisdiction therefore is lacking, and a dismissal is required.  *See Farris*, 333 F.3d at 1216.

---

[7]  *See* 2:21-cv-808-WKW-SRW at Doc. 2.
[8]  *See id*. at Docs. 12 and 13.
[9]  *See* 2:09-cr-81-RAH-CWB-1 at Doc. 385 at pp. 1-5.

### III.  Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the pending § 2255 motion (Doc. 2) be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **November 12, 2024**.  An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 28th day of October 2024.

_____
CHAD W. BRYAN
**UNITED STATES MAGISTRATE JUDGE**