IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANIEL LAMAR HATCHER,            )
                                 )
                                 )
     v.                          )   CIVIL CASE NO. 2:24-cv-547-RAH
                                 )              [WO]
UNITED STATES OF AMERICA,        )

**MEMORANDUM OPINION and ORDER**

On October 28, 2024, the Magistrate Judge entered a Recommendation (Doc. 6) that Movant Daniel Lamar Hatcher's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) be dismissed without prejudice. Specifically, the Magistrate Judge found that Hatcher failed to present evidence of having obtained authorization from the Eleventh Circuit before filing the successive § 2255 Motion. Hatcher filed Objections (Doc. 8) to the Recommendation (Doc. 6).

When a party objects to a Magistrate Judge's Report and Recommendation, a district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order

to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

Hatcher objects to this action being filed as a separate § 2255 motion. He argues that, by recharacterizing his criminal motion as a civil motion, the Court in his criminal case failed to consider his request for compassionate release under § 3582(c)(1)(A) and the First Step Act under § 404(b) in violation of his rights to due process and fairness under the law. In addition, Hatcher maintains that he has repented of his past sins, and he implores the Magistrate Judge to repent and follow the "laws and statues" lest a curse befall him. (Doc. 8 at 2.) As this Court explained in his criminal case, Hatcher's submission in his criminal case presented claims which challenge his conviction and sentence, which is in effect a Motion to Vacate. (*See* Case No. 09-cr-81-RAH-CWB-1, Doc. 418.) The Court may ignore the legal label that a pro se litigant attaches to a motion and may recharacterize the motion to fit the appropriate legal category. *See Castro v. United States*, 540 U.S. 375, 382 (2003). Furthermore, even if the Court had construed the motion as a motion for compassionate release, the balancing of the 18 U.S.C. § 3553(a) factors do not favor release.

After careful review and consideration of the Objections, and upon independent review of the Recommendation of the Magistrate Judge and file in this case, it is

2

ORDERED as follows:

1.      The Objections (Doc. 8) are OVERRULED;

2.      The Recommendation of the Magistrate Judge (Doc. 6) is ADOPTED;

3.      The § 2255 Motion (Doc. 1) is DENIED;

4.      This case is DISMISSED without prejudice.

A separate Final Judgment will be entered.

DONE, on this the 14th day of November 2024.

_____

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE